Pearson, J.
 

 The judgment taken upon the note in the name of Blount Freeman, administrator of Riddick Freeman,
 
 *49
 
 the payee, to the use of the plaintiff, cannot be used by the defendant as an estoppel on the question of forgery. He was not a party to that proceeding ; it was
 
 res inter alios acta.
 
 Estoppels must be mutual. The justness of the rule is exemplified by this case, because the defendant was the witness upon whose testimony the judgment was obtained. If the plaintiff became satisfied that the note was a forgery, it was right in him not to collect the judgment, and his remedy to, recover back the money paid for the supposed note, ought not to be affected by the fact that he had obtained a judgment.
 

 The case turns upon the competency of Eason "Ward as a witness for the plaintiff. He had executed to Blount Freeman, who had the legal title, a bond of indemnity not to allow his name to be used in enforcing collection of the note. So neither the plaintiff, nor defendant, could reach him at law. The only remedy was in equity, by a bill against him and Blount Freeman, charging that he held the note as trustee, and had combined with the maker to prevent its collection atlaw. It would be immaterial to the witness, whether the bill was filed by the plaintiff or the defendant.
 

 The defendant excepts, because certain declarations of his, made before the death of Biddick Freeman, were rejected.
 

 It is a sufficient answer to say, it does not appear when the defendant acquired the beneficial ownership of the supposed note ; it may have been before these declarations. Besides, we can see no ground for departing from the rule, that one cannot manufacture evidence for himself, although he may not be interested at the time.
 

 There is no- objection to the form of the action. It is settled, that where a counterfeit bank bill or forged note is passed, the money may be recovered back in assumpsit.
 

 Feb OubiaM, Judgment affirmed.